```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

ROBERT M. IRVINE, JR.,

        Petitioner,

    -v-                                  05-CV-6170(MAT)
                                            **ORDER**

TIMOTHY MURRAY, Superintendent of
Wyoming Correctional Facility

        Respondent.

## I. Introduction

Petitioner Robert M. Irvine, Jr. ("petitioner") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Wyoming County Court of Rape in the First Degree (New York Penal Law § 130.35[1]). Following a guilty plea before Judge Michael Griffith, petitioner was sentenced to a determinate prison term of twelve years, plus five years of post-release supervision.

## II. Factual and Procedural History

On November 19, 1999, petitioner was charged with four counts each of Rape in the First Degree and Incest, three counts each of Rape in the Third Degree and Sexual Abuse in the First Degree, and one count of Endangering the Welfare of a Child. The charges arose out of accusations by his two minor daughters that he had raped them on several occasions. Petitioner pleaded guilty to one count of Rape in the First Degree by forcible compulsion in satisfaction

of all charges pending against him in Wyoming County, and under the premise that neither the District Attorney nor the U.S. Attorney General would prosecute him for an incident with one of his daughters that allegedly occurred in Pennsylvania on August 23, 1999.[1] Petitioner waived the right to appeal his conviction as part of his plea agreement. P. 2-5, 7-8.[2]

The court informed the petitioner that by pleading guilty, he relinquished certain constitutional rights, and told petitioner that the court wanted to ensure that the petitioner was pleading guilty "of [his] own free will and voluntarily." P. 6-7. The court further informed petitioner that he was required to register as a sex offender pursuant to the Sex Offender Registration Act, and that DNA samples would be taken from him. The court and the prosecutor then accepted petitioner's guilty plea. P. 8-10.

Prior to sentencing, petitioner was interviewed for a pre-sentence report and sex offender evaluation and risk assessment. See Respondent's Exhibit ("Ex.") B. Petitioner and his attorney appeared at the sentencing, wherein the victim addressed the court and the petitioner. S. 4-9. Defense counsel urged the court to consider that, although petitioner had not expressed remorse for his actions, he "wasn't all bad." In support of this contention,

---

[1] The charge that petitioner pleaded guilty to related to an incident occurring on September 18, 1999, when petitioner forced his seventeen-year-old daughter to have sexual intercourse with him.

[2] Citations to "P.__" refer to the transcript of the plea colloquy; citations to "S.__" refer to the sentencing transcript.

counsel pointed out that petitioner had been a victim of sexual abuse when he was a child, that he had been cooperative throughout the investigation, and that he was seeking treatment. S. 9-10.

The court then sentenced petitioner to a determinate term of twelve years incarceration plus five years of post-release supervision. Petitioner signed a waiver of his right to appeal his conviction. S. 10-12.

On December 8, 2000, petitioner moved to vacate his conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, which was denied by the Wyoming County Court.[3] He did not seek permission to appeal that decision. See Ex. C, D.

On direct appeal, petitioner's appellate counsel filed a brief claiming that the trial court erroneously failed to inquire further as to whether petitioner's guilty plea was knowing and voluntary. Ex. E. The Appellate Division, Fourth Department, unanimously affirmed petitioner's conviction. People v. Irvine, 303 A.D.2d 1013 (4th Dept.); lv. denied 100 N.Y.2d 539 (2003); see Ex. G.

A second 440.10 motion was filed on November 25, 3003, alleging that 1) petitioner's trial counsel was ineffective; 2) prosecutorial misconduct; and 3) that the victim had recanted her

---

[3] In that motion, petitioner claimed that he should not have been charged with first-degree rape because the victim was not less than eleven years old. See N.Y. Penal Law § 130.35[3](prohibiting sexual intercourse with a female less than eleven-years-old). The state court found that the indictment was not defective because the petitioner was charged under the theory of forcible compulsion, and not the victim's age. N.Y. Penal Law § 130.35[1].

3

allegations against the petitioner. Ex. J. The county court denied that motion and leave to appeal the denial of the his second C.P.L. § 440.10 motion was denied by the Appellate Division on August 6, 2004. See Ex. L.

Petitioner then filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging four grounds for relief. See Petition ("Pet.") ¶ 22. (Dkt. #1). For the reasons set forth below, the petition is denied and this action is dismissed.

**III. Discussion**

    **A.    General Principles Applicable to Federal Habeas Review**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially

indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under The Antiterrorism and Effective Death Penalty Act ("AEDPA"), "a determination of a factual issue made by a State

court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir.) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091, 124 S.Ct. 962 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### 2. Exhaustion Requirement and Procedural Bar

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Grey, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977).

**B. Merits of the Petition**

**1. Ineffective Assistance of Trial Counsel**

Petitioner's first ground for habeas relief alleges that he was denied his right to effective assistance of counsel because his attorney failed to file an omnibus motion "favorably dispositive" to him, and did not conduct a proper investigation of the victim's age. Pet. ¶ 22(A), Pet'r Mem. 1-6. (Dkt. ## 1, 2). Petitioner exhausted this issue in his second C.P.L. § 440.10 motion in

Wyoming County Court, which dismissed his claim on the merits. <u>See</u> Decision and Order, No. 4423, Dated 6/2/2004; Ex. L.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that his attorney's performance was deficient, and that this deficient performance prejudiced his defense. <u>Strickland v. Washington,</u> 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. <u>Strickland</u>, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." <u>Id.</u> To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>id.</u>, and may not second-guess defense counsel's strategy. <u>Id.</u> at 690. Here, petitioner has failed to demonstrate that his counsel's conduct was deficient within the meaning of <u>Strickland</u>, and that, but for the deficiency, the result of his trial would likely have been different.

Petitioner first argues that his trial counsel was ineffective for failing to file an omnibus motion. As the 440.10 court found in rejecting this claim, petitioner's first attorney filed an omnibus motion, which was then adopted on the record by his second attorney. Petitioner then pleaded guilty before the motion could be argued and decided.[4] P.2, 5-6, 9-10; see Ex. L.

He goes on to argue that his attorney failed to conduct a thorough investigation because counsel did not realize that petitioner should not have been charged with first degree rape. Specifically, petitioner contends that since the victim was over fifteen-years-old at the time of the incident, he should not have been charged with first-degree rape. Pet'r Mem. at 3; See N.Y. Penal Law § 130.35[3] (prohibiting sexual intercourse with a female less than eleven-years-old).

As respondent correctly points out, petitioner does not show that counsel failed to investigate his case. Here, petitioner's conclusory allegations are insufficient to warrant habeas relief. See Johnson v. Artus, No. 07 Civ. 5905(SAS)(FM), 2009 WL 763897, at

---

[4] The Court notes that trial counsel secured a very favorable plea agreement for petitioner. He had been charged with four counts of first-degree rape, a Class B violent felony, stemming from his two daughters' accusations that he had raped them on several occasions. Had he proceeded to trial, he would have been exposed to a maximum sentence of twenty-five years. See N.Y. Penal Law § 70.00(2)(b), 70.02(3)(a). Because the four counts stemmed from four separate acts, he could have also received consecutive sentences. See N.Y. Penal Law § 70.25(2). Moreover, petitioner may have faced federal charges for an incident with one of his daughters in Pennsylvania. P. 2-3. By pleading guilty to the one count of first-degree rape, he received a sentence well below the maximum and a promise from the U.S. Attorney General that he would not be prosecuted.

*11 (S.D.N.Y. Feb. 20, 2009) (Report and Recommendation) (citing Eisemann v. Herbert, 401 F.3d 102, 108-09 (2d Cir. 2005) (speculation as to an uncalled witness' potential testimony is insufficient to establish an ineffective assistance claim)); Maddox v. Lord, 818 F.2d 1058, 1062 (2d. Cir.1987) (claim that defense counsel did not investigate prosecution's forensic evidence fails to meet Strickland test absent any indication that the result would have been exculpatory); Muhammad v. Bennett, No. 96 Civ. 8430(JSR)(HBP), 1998 WL 214884, at *1 (S.D.N.Y. Apr. 29, 1998) (petitioner's "speculative claim about the testimony of an uncalled witness is accorded little weight in federal habeas review").

Moreover, petitioner's challenge to his counsel's effectiveness based on a failure to investigate lacks a factual basis. In rejecting petitioner's ineffective assistance of counsel claim on this ground, the 440.10 court observed that petitioner was charged with Rape in the First Degree under the forcible compulsion theory, and not under the theory that the victim was less than eleven-years-old. See Ex. L; N.Y. Penal Law §§ 130.35[1], 130.35[3].  He has thus failed to show that trial counsel's performance was deficient, or that counsel's alleged deficient performance prejudiced him. As such, the state court's rejection of his claim did not contravene or unreasonably apply federal law as articulated in Strickland.

## 2. Voluntariness of Confession

Petitioner next avers that his confession was coerced and that his conviction was obtained through the use of "redacted or altered" police reports. Pet. ¶ 22(B).

This claim has not been properly exhausted for habeas review. Petitioner opted to forgo a suppression hearing and a trial in order to plead guilty, thus a determination of whether his confession was voluntary would involve matters that do not appear on the record. Because petitioner he can still raise the claim in a C.P.L. § 440.10 motion, the claim remains unexhausted. Nonetheless, this Court may still deny petitioner's claim on the merits. See 28 U.S.C. § 2254(b)(2); see also Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001) ("AEDPA permits a habeas court to reject a claim on the merits notwithstanding the fact that it is unexhausted").

The Second Circuit has not settled on the standard applicable to dismissals pursuant to section 2254(b)(2)[5], but the majority of district courts in this circuit have followed a "patently frivolous" standard. Colorio v. Hornbeck, No. 05 CV 4984(NG)(VVP), 2009 WL 811588, at *3 (E.D.N.Y. Mar. 3, 2009) (citing Brown v. State of New York, 374 F. Supp.2d 314, 318 (W.D.N.Y. 2005) (citing

---

[5] The Second Circuit initially adopted the "patently frivolous" standard in Jones v. Senkowski, 2002 WL 246451 (2d Cir. 2002). However, that decision was later vacated and withdrawn, Jones v. Senkowski, No. 00-2145, 2002 WL 246451 (2d Cir. May 22, 2002), amended by Jones v. Senkowski, No. 00-2145, 42 Fed. Appx. 485, 2002 WL 1032589 (2d Cir. May 22, 2002), cert. denied, 537 U.S. 1177 (2003).

Naranjo v. Filion, No. 02-CIV-5449, 2003 WL 1900867, at *8 (S.D.N.Y. Apr.16, 2003) (collecting cases)) (footnote omitted)). A minority of district courts have exercised § 2254(b)(2) discretionary review when "'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim,'" Hernandez v. Lord, No. 00-CIV-2306, 2000 WL 1010975, at *4 n. 8 (S.D.N.Y. Jul. 21, 2000) (collecting and analyzing cases). Another test that has been suggested in this Circuit is that unexhausted claims should be reviewed under a "heightened de novo standard." King v. Cunningham, 442 F. Supp.2d 171, 179 (S.D.N.Y. 2006). Here, petitioner's claim fails under any of the three standards.

First, petitioner waived his right to raise this claim when he pleaded guilty. When a petitioner pleads guilty, he waives his right to challenge constitutional defects that occurred prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). New York C.P.L § 710.70(2) carves out an exception to this rule, providing that a final order denying a motion to suppress evidence may be reviewed on appeal from a final judgment of conviction, even one entered upon a guilty plea. See Lefkowitz v. Newsom, 420 U.S. 258, 293 (1975)(If state law permits a petitioner to plead guilty "without forfeiting his right to judicial review of specified constitutional issues, the [petitioner] is not foreclosed from pursuing those claims in a federal habeas corpus proceeding.")

Here, there is no such order. Rather, trial counsel adopted the omnibus motion filed by petitioner's first attorney, and the court informed petitioner that the motion would be argued and considered. Petitioner pleaded guilty, however, before that could occur. P.2-3, 5. Petitioner's claim has thus been waived. See People v. Fernandez, 67 N.Y.2d 686, 688 (1986) (defendant who pleaded guilty prior to obtaining order denying motion to suppress evidence forfeited right to appellate review of denial of motion); see also Pena v. Scully, 1980 U.S. Dist. LEXIS 14288 (S.D.N.Y. 1980) (petitioner chose to enter a guilty plea before suppression motion was decided, bypassing New York's procedure for litigating his constitutional claim, thereby waiving it).

Second, there is no way for the Court to assess the merits of petitioner's claim. He has failed to substantiate his claim of coercion because there is no evidence in the record, other than his own allegations, that the police reports were redacted or altered. Moreover, he has not explained how those reports may have intimidated or coerced him into confessing to the sexual acts with his daughter, nor has he demonstrated that he was threatened with the prospect of federal charges prior to his confession.

For the foregoing reasons, petitioner's claim that his confession was involuntary is patently frivolous and without merit, and is therefore denied.

### 3. Voluntariness of Guilty Plea

In ground three of his petition, petitioner claims that his guilty plea was illegally induced and involuntarily made. Pet. ¶ 22(C). Petitioner argues that his plea was rendered involuntary by the prosecution's withholding of DNA evidence, the threat of his wife's prosecution, and the loss of custody of his fourteen-year-old son. Pet'r Reply Br. 2-3. (Dkt. #18).

Respondent contends that the claim is unexhausted and is procedurally defaulted. Resp't Mem. 18. The Court agrees. On direct appeal, petitioner's counsel raised one issue, whether the trial court failed to conduct further inquiry as to the voluntariness of the guilty plea. See Appellate Br. at 7-10; Ex. E. Despite petitioner's contention, the issue raised in the instant petition was not raised on appeal, and is therefore unexhausted. See Pet'r Reply Br. at 2. (Dkt. #18). Petitioner has made his one direct appeal to the Appellate Division and leave application to the Court of Appeals to which he is entitled. See N.Y. Court Rules § 500. Further, he cannot seek collateral review of this claim in the state courts because he could have raised the claim on direct appeal, but did not. See C.P.L. § 440.10(2)(c); see also Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir 1991). Because the claim is procedurally barred by state law and its presentation to the state forum would be futile, the Court deems it exhausted and

procedurally defaulted for habeas review. See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001).

The Court may only consider the merits of petitioner's procedurally defaulted claim if the petitioner shows cause for the default and actual prejudice, or that the petitioner is actually innocent. See Murray v. Carrier, 477 U.S. 478, 485 (1986); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993), cert. denied, 510 U.S. 1078 (1994). Petitioner has not established that his claim warrants review under either exception. He has not asserted cause for the default or any resulting prejudice therefrom.

Petitioner's reply brief alleges that he is innocent of the crime for which he stands convicted. Pet'r Reply Br. 2-3. In support of this, he attaches an affirmation from the victim recanting her allegations of rape by the petitioner dated May 1, 2003. See Pet., Attach. F. (Dkt. #1). In reviewing the recantation statement, however, the 440.10 court determined that it was "inherently unreliable" and "contradict[ed] defendant's statements to the police and his plea colloquy to the Court." See Decision and Order, No. 4423, dated 6/2/2004 at 3; Ex. L. "[A] recantation must be 'looked upon with the utmost suspicion[.]" Ortega v. Duncan, 333 F.3d 102, 107 (2d Cir. 2003) (quoting Sanders v. Sullivan, 863 F.2d 218, 225 (2d Cir. 1988)); People v. Shilitano, 218 N.Y. 161, 170 (1916) ("There is no form of proof so unreliable as recanting

testimony."). The state court concluded that the victim's statement was insufficient to require setting aside a conviction, and the Court finds it equally unpersuasive to support petitioner's claim of innocence. As a result, he has offered no "new reliable evidence" that would make it more likely than not that petitioner would have been acquitted to establish a miscarriage of justice, i.e. "actual innocence". Schlup v. Delo, 513 U.S. 298, 325-27 (1995); see Pet'r Reply Br. 2.

In any event, petitioner's claim is without merit. As the Supreme Court has repeatedly recognized, "[i]t is beyond dispute that a guilty plea must be both knowing and voluntary." Parke v. Raley, 506 U.S. 20, 29 (1992); Bousley v. United States, 523 U.S. 614, 620 (1998). The standard for determining voluntariness is whether the guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Since pleading guilty necessarily involves the relinquishment of various constitutional rights, the record must affirmatively demonstrate that the plea was intelligent, voluntary and that the defendant was informed of certain direct consequences of his plea. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). For the plea to be voluntary, it is axiomatic that the defendant must at least be competent to proceed. Oyague v. Artuz, 393 F.3d 99, 106 (2d Cir. 2004). In addition, he must have an awareness of the true nature of the

charge against him, a rational as well as factual understanding of the proceedings against him, and have knowledge of the nature of the constitutional protections he will forego by entering his plea. Id. "The voluntariness of a guilty plea is reviewed by examining the totality of the relevant circumstances." Hanson v. Phillips, 442 F.3d 789, 798 (2d Cir. 2006).

Upon reviewing the record of petitioner's plea allocution, the Court finds there is nothing to support his assertion that his plea was not knowing, intelligent, and voluntary. After consulting with his attorney at the plea proceedings, petitioner withdrew his not guilty plea and entered a plea of guilty to the charge of Rape in the First Degree. Prior to accepting the plea, the court informed the petitioner that by pleading guilty, he was waiving his right to a jury trial, the right to have the prosecution prove his guilt beyond a reasonable doubt, and the right to cross-examine the prosecution's witnesses. In addition, the court told petitioner that it wanted to ensure that petitioner was pleading guilty "of [his] own free will and voluntarily. P. 2-3, 6-7. Petitioner was apprised of the sentencing consequences of his plea, and that he would be required to register as a sex offender and have DNA samples taken. P. 5-6, 10. The court asked whether petitioner had forced a woman to have sexual intercourse with him on September 18, 1999, and petitioner admitted that he had. P. 8-10.

17

Moreover, petitioner does not substantiate his claim that the plea was coerced other than by pointing to his prior denials of guilt.[6] Although petitioner wavered on the issue of his guilt on several occasions, he stated on the record that he desired to plead guilty to first-degree rape, and that he had forced his victim to have sexual intercourse on September 18, 1999. Statements at a plea allocution "carry a strong presumption of verity," Blackledge v. Allsion, 431 U.S. 63, 74 (1977), and "are conclusive absent credible reason 'justifying departure from their apparent truth.'" United States v. Gonzalez, 970 F.2d 1095, 1101 (2d Cir. 1992). Petitioner does not explain how he was coerced into pleading guilty, nor has he explained who had coerced him. This bare allegation is therefore insufficient to rebut that presumption and petitioner is not entitled to habeas relief on this ground.

### 4. Brady Violation

In his fourth and final claim, petitioner alleges that he is entitled to habeas corpus relief because the prosecution did not comply with their obligation under Brady v. Maryland, 373 U.S. 83 (1963). Pet. ¶ 22(D). The gravamen of petitioner's argument is that the prosecution allegedly failed to disclose the results from the victim's serology report, i.e., the rape kit test, which

---

[6] At his plea proceeding, pre-sentence interview, and during his sex offender evaluation, petitioner offered contradictory statements regarding the incident with the victim, first stating that it was "only fondling," then ultimately admitting that he had sexual intercourse with his daughter to "show her that he loved her." He also repeatedly portrayed himself as the subject of his daughter's sexual advances. See P. 8-9, Ex. B.

indicated that the petitioner's DNA was not found on the victim and she had not suffered any tearing or bruising. This claim was raised in petitioner's second C.P.L. § 440.10 motion in Wyoming County Court, and was denied on the merits. See Decision and Order, No. 4423, Dated 6/2/2004; Ex. L.

It is well-settled that "[a] defendant has a right, guaranteed by the Due Process Clauses of the Federal and State Constitutions, to discover favorable evidence in the People's possession which is material to either guilt or punishment." Brady v. Maryland, 373 U.S. at 87. There are three elements of a "true" Brady violation: (1) that the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) that prejudice must have ensued. Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

In the instant petition, petitioner has not set forth a Brady violation, because record belies petitioner's claim that the prosecution failed to disclose the results of the serology report. On April 6, 2000, the prosecutor wrote a letter to petitioner's trial counsel stating that he had enclosed "photocopies of the contents of our file consisting of items numbered one through 37." See Ex. K, Attached Letter. In the district attorney's response to petitioner's 440.10 motion, the prosecutor noted that it is the "usual policy of the District Attorney's Office" to number

documents sent to defense on the right hand corner of the document. Petitioner has attached the test results to his petition, and they are marked in the right-hand corner with the numbers 25, 33, and 34. See Pet. Attach. E. Based on petitioner's submission, it is clear that the documents were part of the discovery materials sent to trial counsel on April 6, 2000, and that the prosecution did not suppress the serology report. Because petitioner has not alleged a Brady violation, the state court's rejection of this claim was not an unreasonable application or contrary to Supreme Court law.

**IV. Conclusion**

For the reasons stated above, Robert Irvine's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: October 28, 2009
Rochester, New York